BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation* | MDL Docket No. 3084 |

**JOINDER OF JCCP NO. 5188 PLAINTIFFS' LEADERSHIP AND LIAISON COUNSEL IN MOTION OF PLAINTIFFS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Court-appointed Plaintiffs' Leadership in the California state court cases hereby join the Motion for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

### I. OVERVIEW

The four undersigned firms collectively represent many hundreds of Plaintiffs who have brought sexual assault cases against Uber in California. We successfully petitioned the California State Court Coordination panel to coordinate the cases and the cases were assigned to the Honorable Ethan Schulman within Judicial Council Coordinated Proceeding ("JCCP") No. 5188. Judge Schulman appointed the undersigned four firms as co-leads and liaison counsel. Our four firms had also previously been appointed as co-leads by the Honorable Andrew Cheng within the Lyft JCCP, No. 5061, remarkably similar litigation involving sexual assaults perpetrated by Lyft drivers. Both the Uber and Lyft litigations have presented similar organizational and discovery challenges for the Court and for the parties.

## II. RELEVANT PROCEDURAL HISTORY OF JCCP NO. 5188

In December 2021, the California Judicial Coordination Panel, Judge Cheng presiding, ordered all the sexual assault cases against Uber coordinated within JCCP No. 5188. In February 2022, the Honorable Ethan P. Schulman was appointed as the Coordination Judge for JCCP No. 5188.

Under the initial coordination order, the coordinated proceedings included cases in which the assaults occurred outside of California. Subsequently, Uber moved to dismiss those cases where the assault occurred outside of California on *forum non conveniens* grounds. Plaintiffs' counsel opposed Uber's forum motion, on the grounds that almost all of the liability producing acts and omissions occurred at Uber's corporate headquarters and on the grounds that the goals of judicial coordination would be best served by coordinating all discovery in one court. Judge Schulman granted Uber's motion on January 23, 2023, and ordered Plaintiffs' counsel to dismiss those cases by August 31, 2023. Some of those Plaintiffs whose cases were the subject of Judge Schulman's Forum Order have been refiling their complaints in multiple federal court districts, but mostly within the Northern District of California.

## III. BASIS FOR JOINING THE COORDINATION PETITION

Our four firms represent hundreds of clients who were sexually assaulted outside of California, in virtually every state in the country. Some of those clients have already re-filed their cases in the Northern District of California and others will do so in due course. Attached as Exhibit A is a list of the cases which have been filed (or re-filed) in the Northern District of California thus far. This is just a subset of the cases which are subject to Judge Schulman's Order

of Dismissal and who are represented by the undersigned.[1] We expect that Uber will move to transfer these Northern District of California cases to the federal districts where the sexual assaults occurred, as it has before. If the transfer motions are successful, there will be a large number of federal court cases spanning multiple federal districts concerning largely identical factual and legal issues. And, new cases continue to be filed as time goes on so that we anticipate many more will be filed in the future. It is an unfortunate reality that acts of sexual assault by Uber drivers on passengers occur multiple times a day, and in every state in the country.

### IV. BENEFITS OF COORDINATION

Under 28 U.S.C. § 1407, when deciding whether to coordinate or consolidate multiple actions, the panel considers whether the actions share common issues of fact; if transfer would serve the convenience of parties and witnesses; and if transfer would advance the just and efficient conduct of the actions. The undersigned firms, who represent a substantial portion of the plaintiffs who would be subject to any coordinated proceeding, agree with Movants that coordination would serve those interests. We write to offer our perspective concerning the judicial economy that would be served by coordination, and our preference for setting venue in the Northern District of California.

#### A. Coordination Would Promote Judicial Economy

Based on our extensive three-year experience as co-leads in the Lyft JCCP, and based on the developments within the Uber JCCP over the past 18 months, we expect pretrial discovery will involve the production of hundreds of thousands of documents and the depositions of many

---

[1] Only one of the cases listed on Exhibit A, *Jane Doe LSA 340 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-01165-AMO, was filed for the first time in the Northern District of California and not subject to Judge Schulman's Order.

corporate and non-party witnesses. Pre-trial discovery of this scope and magnitude will require developing case management orders and discovery protocols in order to efficiently manage the litigation. It makes far more sense for one federal judge to coordinate this pretrial discovery, than for the task to be repeated by judges in multiple federal districts throughout the country.

Given that discovery within JCCP No. 5188 is already ongoing, it also makes sense to have only one federal MDL judge coordinate with Judge Schulman with regard to the discovery which is already underway. And ultimately, it makes sense to have a single federal judge who can develop a bellwether trial selection process for the federal cases and to encourage global mediation efforts with respect to all the cases.

### B.  Northern California Is Most Convenient for All Parties

The undersigned agree with Movants that the Northern District of California is the most appropriate venue for the transfer. Uber is headquartered here, the present and former corporate witnesses reside here, and the state court JCCP is in San Francisco. For these reasons, the undersigned agree that transfer to the Northern District of California would be optimal.

### V.  CONCLUSION

Based on the above, and the arguments provided in the moving papers, the undersigned request this Panel transfer the non-resident Uber Passenger Sexual Assault Litigations to the Northern District of California for coordination.

Dated: August 8, 2023                                Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　 /s/ William A. Levin
　　　　　　　　　　　　　　　　　　　　　William A. Levin
　　　　　　　　　　　　　　　　　　　　　**LEVIN SIMES LLP**
　　　　　　　　　　　　　　　　　　　　　1700 Montgomery Street, Suite 250

San Francisco, CA 94111
Phone: (415) 426-3000
Fax: (415) 426-3001
Email: wlevin@levinsimes.com


/s/ *Walt Cubberly*
Walt Cubberly
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017 5051
Phone: (713) 230-2200
Fax: (713) 643-6226
Email: wcubberly@whlaw.com


/s/ *Kristen Barton*
Steve Estey
Kristen Barton
**ESTEY & BOMBERGER LLP**
2869 India Street
San Diego, CA 92103
Telephone: (619) 295-0035
Fax: (619) 295-0172
Email : steve@estey-bomberger.com
Email: kristen@estey-bomberger.com


/s/ *Celine E. Cutter*
C. Brooks Cutter
Celine E. Cutter
**CUTTER LAW, PC**
401Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Fax: (916) 588-9330
Email: bcutter@cutterlaw.com
Email: ccutter@cutterlaw.com