**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:   **September 28, 2023**

LOCATION OF HEARING SESSION:   University of Kentucky
J. David Rosenberg College of Law
G. Chad Perry III Grand Courtroom,
 Room 199, 1st Floor
620 South Limestone
Lexington, Kentucky  40506

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **September 5, 2023.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*Tiffaney D. Pete*

Tiffaney Pete
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on September 28, 2023, the Panel will convene a hearing session in Lexington, Kentucky, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
September 28, 2023 -- Lexington, Kentucky

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3083 − **IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiff Bruce Bailey to transfer the following actions to the United States District Court for the District of Minnesota:

Central District of California

ORTEGA, ET AL. v. PROGRESS SOFTWARE CORPORATION, ET AL., C.A. No. 5:23−01329

Northern District of California

BERRY v. PENSION BENEFIT INFORMATION, LLC, ET AL., C.A. No. 3:23−03297

Eastern District of Louisiana

BERRY v. PROGRESS SOFTWARE CORPORATION, C.A. No. 2:23−02089
MCADAM v. PROGRESS SOFTWARE CORPORATION, C.A. No. 2:23−02295

District of Massachusetts

DIGGS, ET AL. v. PROGRESS SOFTWARE CORPORATION, C.A. No. 1:23−11370
PIPES v. IPSWITCH, INC., ET AL., C.A. No. 1:23−11394
TENNER v. PROGRESS SOFTWARE CORPORATION, C.A. No. 1:23−11412
GUILLORY-CAILLIER, ET AL. v. PROGRESS SOFTWARE CORPORATION, C.A. No. 1:23−11417
ANASTASIO v. PROGRESS SOFTWARE CORPORATION, ET AL., C.A. No. 1:23−11442

District of Minnesota

BAILEY v. PROGRESS SOFTWARE CORPORATION, ET AL., C.A. No. 0:23−02028

MDL No. 3084 − **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

  Motion of plaintiffs A.G., Kathrine Hylin, Taylor Gavin, Cynthia Crawford, E.R., A.M., A.H.M., H.B., C.S., Jillian Sullivan, Elunda Murphy, N.R., S.W., and Aundreya Rollo to transfer the following actions to the United States District Court for the Northern District of California:

<u>District of Arizona</u>

ADORNO v. UBER TECHNOLOGIES INCORPORATED, ET AL., C.A. No. 2:23−00875

<u>Northern District of California</u>

DOE LSA 340 v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−01165
HYLIN v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−01630
R. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02051
G. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02071
GAVIN v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02111
CRAWFORD v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02290
M. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−03406
A.H.M. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−03482
B. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−03488

<u>District of Colorado</u>

GLASER v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−01734
M.H. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−01735

<u>Middle District of Georgia</u>

FRESHWATER v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 5:23−00246

<u>Northern District of Georgia</u>

N.R. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−02603

<u>Northern District of Illinois</u>

C.S. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−02766
SULLIVAN v. UBER TECHNOLOGIES, INC., C.A. No. 1:23−02767
MURPHY v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−03425

<u>District of Massachusetts</u>

DOE v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−10745

Western District of Missouri

COWSERT v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 2:23−04133

Eastern District of North Carolina

S.W. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 5:23−00317

Northern District of Texas

ESPINOSA v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−01519

Southern District of Texas

ROLLO v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−00216

MDL No. 3085 − **IN RE: PENNSYLVANIA DEPARTMENT OF CORRECTIONS INMATE CONFINEMENT LITIGATION**

Motion of defendants Tabb Bickle, B. Boone, K. Cardberry, Christopher Collins, Tammy Ferguson, Richard Gross, Laurel Harry, J. Horner, Shawn Kephart, Robin Lewis, George Little, Jaime Luquis, Robert Marsh, D. Misiti, Shirley Moore-Smeal, Brian Ritchey, J. Rivello, Michael Rowe, J. Schneck, Bobbi Jo Solomon, Jamie Sorber, Michael Wenerowicz, and John Wetzel to transfer the following actions to the United States District Court for the Middle District of Pennsylvania:

Eastern District of Pennsylvania

MOODY v. HARRY, ET AL., C.A. No. 2:23−00770

Middle District of Pennsylvania

MOODY v. WETZEL, ET AL., C.A. No. 3:18−00053

# SECTION B
# MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2666 − **IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs James George, et al.; Rickey Barry; and Larry Kelso to transfer of their respective following actions to the United States District Court for the District of Minnesota:

<u>District of Montana</u>

GEORGE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 6:23−00044
BARRY v. 3M COMPANY, ET AL., C.A. No. 6:23−00045

<u>Southern District of Texas</u>

KELSO v. 3M COMPANY, ET AL., C.A. No. 4:23−02690

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Matthew Grosch, et al., to transfer of the *Grosch* action to the United States District Court for the District of South Carolina and motion of defendant 3M Company to transfer of the *State of Maryland* action to the United States District Court for the District of South Carolina:

<u>District of Arizona</u>

GROSCH, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 2:23−01259

<u>District of Maryland</u>

STATE OF MARYLAND v. 3M COMPANY, ET AL., C.A. No. 1:23−01836

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Thomas Shoemake to transfer of the following action to the United States District Court for the Northern District of Florida:

<u>District of Minnesota</u>

SHOEMAKE v. 3M COMPANY, ET AL., C.A. No. 0:23−01965

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Allen Andrew Love to transfer of the *Love* action to the United States District Court for the Southern District of Florida and motion of plaintiff Anthony Gallagher for remand, pursuant to 28 U.S.C. § 1407(a), of the *Gallagher* action to the United States District Court for the Southern District of New York:

Southern District of Florida

GALLAGHER v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 3:23−23053 (S.D. New York, C.A. No. 1:22−10216)

Western District of Michigan

LOVE v. GLAXOSMITHKLINE PHARMACEUTICAL COMPANY, ET AL., C.A. No. 1:23−00557

MDL No. 2974 − **IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION**

Opposition of defendants Teva Pharmaceuticals USA, Inc.; Teva Womens Health, LLC; Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.; and CooperSurgical, Inc., to transfer of the following action to the United States District Court for the Northern District of Georgia:

Eastern District of New York

LAHENS, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:23−00322

MDL No. 3017 − **IN RE: XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION**

Opposition of defendants Auson Pharmaceuticals Inc., and Auson Pharmaceuticals Co., Ltd., to transfer of the following action to the United States District Court for the District of Delaware:

District of New Jersey

BAYER INTELLECTUAL PROPERTY GMBH, ET AL. v. AUSON PHARMACEUTICALS, INC., ET AL., C.A. No. 2:23−03020

MDL No. 3074 − **IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC, WIRETAPPING LITIGATION**

Opposition of plaintiff David Irvin to transfer of the following action to the United States District Court for the Eastern District of Pennsylvania:

<u>Middle District of Pennsylvania</u>

IRVIN v. CABELA'S LLC, ET AL., C.A. No. 1:23−00530

MDL No. 3076 − **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**

Opposition of plaintiffs Lucky D., et al., to transfer of the following action to the United States District Court for the Southern District of Florida:

<u>District of New Jersey</u>

LUCKY D., ET AL. v. PRAGER METIS LLP, ET AL., C.A. No. 2:23−00389

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)  Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)  Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

  (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)  Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

  (i) the dispositive issue(s) have been authoritatively decided; or

  (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)  Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

  (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

  (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)  Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)  Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.