BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re: Uber Technologies, Inc.,* <br> *Passenger Sexual Assault Litigation* | MDL Docket No. 3084 |

**INTERESTED PARTY RESPONSE AND MEMORANDUM OF PLAINTIFF IN SUPPORT OF CENTRALIZED RELATED CASES PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Interested Party Plaintiff and Respondent, Kelly Cowsert (hereinafter, "Plaintiff" or "Respondent"), respectfully submits this Interested Party Petition to Transfer Related Cases for Consolidated Pretrial Proceedings. As detailed herein, Plaintiff agrees that transfer is useful, necessary, and supported by numerous common questions of fact and law in the Uber Passenger Sexual Assault Litigation. Plaintiff further believes all pending actions should be transferred to and consolidated in the United States District Court for the Northern District of California, which Plaintiff respectfully suggests would be an ideal venue for this proposed coordination and/or consolidation. For the reasons stated herein, Plaintiff respectfully requests an Order transferring Uber Technologies, Inc., Passenger Sexual Assault Litigation actions to the Northern District of California for coordinated or consolidated pretrial proceedings.

## INTRODUCTION

Respondent, Kelly Cowsert, filed her underlying action in the United States District Court for the Western District of Missouri on July 10, 2023. To date, no material rulings have taken place in Respondent's underlying action, and Respondent supports transfer for coordinated or consolidated pretrial proceedings. Respondent incorporates by reference all arguments articulated in *Memorandum in Support of Plaintiffs' Motion for Transfer of Actions Under 28 U.S.C. § 1407*

*for Coordinated or Consolidated Pretrial Proceedings* by Plaintiffs A.G., Kathrine Hylin, Taylor Gavin, Cynthia Crawford, E.R., A.M., A.H.M., H.B., C.S., Jillian Sullivan, Elunda Murphy, N.R., S.W., Aundreya Rollo (Doc. 24). To wit, Respondent agrees that transfer and coordination or consolidation is appropriate given the readily apparent common legal and factual issues the cases share. As a result, transfer will avoid inconsistent rulings, preserve judicial and party resources, and aid in the efficient resolution of these cases.

Respondent's case, like those identified above, is filed by a survivor of sexual assault at the hands of an Uber driver who was supposed to safely transport Respondent to her destination. The cases and claims against Uber are premised on the fact that Uber failed to adequately vet its drivers and failed to take appropriate safety precautions once Uber had notice that a subset of Uber drivers were sexual predators and were sexually assaulting Uber passengers on a widespread basis. The cases commonly allege that Uber was aware of the problem but nevertheless failed to conduct appropriate background checks, failed to adequately train and supervise its drivers, failed to adequately respond to complaints about predator drivers, failed to adopt safety design changes in the Uber App, and/or failed to adopt standard safety measures such as video and audio surveillance.

## ARGUMENT

**I.  Consolidation is appropriate given the number of related actions pending and the likelihood of additional actions to be filed.**

Consolidation is warranted here given the number of actions already pending, the likelihood that additional actions will be filed, and the common questions of fact and law they all share. Respondent understands that there may be over 30 cases filed and, further, that there may be potentially hundreds, if not thousands, more to follow. Uber Technologies, Inc., is a worldwide app-based transportation company that provides transportation services throughout the entire United States. Rasier, LLC, is a wholly owned subsidiary of Uber. Together, Uber and Rasier

operate the Uber App, founded in 2009, that connects customers to an Uber driver. The number of assaults recognized by Defendants alone in just four out of the fourteen years Uber has been in operation supports the consolidation being sought.

To illustrate, in 2019, Uber publicly admitted that it had a sexual-assault crisis occurring in its company. Indeed, Uber disclosed a safety report revealing that 5,981 sexual assaults occurred during Uber trips in 2017 and 2018. Uber released another safety report in 2022 that revealed 3,824 sexual assaults during Uber trips in 2019 and 2020. Extrapolating from what we know about the number of assaults occurring in just four years (9,805) from Uber's own reports, a conservative, yet tragic, estimate of survivors dating back to Uber's inception would exceed 25,000. Consolidation now will avoid serial briefing, duplicative discovery, and inconsistent rulings, and will preserve judicial resources across the country.

The threshold requirement of Section 1407 is that there be questions of fact and law common to the cases for which MDL treatment is sought. Commonalities in factual and legal questions need not be complete, nor even the majority, to merit transfer. *In re Katz Interactive Call Processing Pat. Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007). "[I]ndividualized factual issues" do not "negate the efficiencies to be gained by centralization." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017).

The actions here share a number of common factual and legal questions meeting the requisite threshold requirement. Indeed, the claims in each of those actions arise from the same course of conduct by the Defendants. Among the numerous common questions of law and fact are:

- Uber's duty to provide passengers with transportation free from assault;
- Uber's knowledge that its drivers have been sexually assaulting its passengers;
- Uber's failure to adopt or improve its safety procedures and policies;
- Uber's failure to require sexual harassment or assault training for its drivers;

- Uber's failure to conduct adequate background checks before hiring its drivers and otherwise failing to ensure that its drivers were fit to drive passengers;

- Uber's failure to implement safety features into its app;

- Uber's failure to address passengers' reports of sexual harassment, assault, and rape by Uber drivers;

- Uber's failure to timely terminate drivers who assaulted passengers or were unfit to perform their duties;

- Uber's marketing tactics and failure to warn passengers of the risks of being sexually assaulted, harassed, or otherwise attacked by an Uber driver;

- Uber's status as a common carrier; and

- Uber's false statements indicating that would provide safe rides to passengers.

In addition to these common questions of fact and law, all of these actions are in the very early stages of litigation. In fact, the first case filed in the Northern District of California was just filed in the spring of this year and, as highlighted above, Respondent's case was filed less than one week before the instant *Plaintiffs' Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings*. In light of the number of cases filed, the number of cases likely to be filed in the future, the infancy of the litigation, and the number of issues common to all of the cases, consolidation of the cases into an MDL is merited.

**II. The Northern District of California is the most suitable forum.**

Factors to consider for the most appropriate forum include: (1) the location of parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931–32 (J.P.M.L. 1980) (discussing factors); *see also* Manual for Complex Litigation (Fourth), § 20.131, pp. 220–21. A forum that satisfies these factors and that already has pending cases is favorable. *Id.* at § 22.33, pp. 366–67. The Panel also looks for a forum that "i) is not currently overtaxed with other multidistrict dockets, and ii)

possesses the resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require." *In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003).

Notably, Uber is headquartered in Northern California, and thus corporate witnesses and documents will necessarily be conveniently located. Furthermore, the California state court Uber Juidical Council Coordinated Proceedings ("JCCP") is being litigated in the San Francisco Superior Court, thus providing further convenience for the Defendants. Finally, the Northern District of California is well versed in the successful oversight of MDL litigation. Given these factors, Respondent is confident that this requested forum will effectively and efficiently manage the prospective docket should this matter be consolidated.

## CONCLUSION

For the foregoing reasons, Respondent respectfully urges transfer and coordination or consolidation to the United States District Court for the Northern District of California.

Dated: August 18, 2023

Respectfully submitted,

HOLLAND LAW FIRM

By: */s/ Eric D. Holland*
Eric D. Holland
211 N. Broadway, Suite 2625
St. Louis, MO 63102
314-241-8111
314-241-5554 – Fax
eholland@hollandtriallawyers.com
*Counsel for Plaintiff / Respondent Kelly Cowsert*