**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: Uber Technologies, Inc., Passenger | **)** | |
| Sexual Assault Litigation | **)** | MDL Docket No. 3084 |
| | **)** | |
| | **)** | |

**INTERESTED PARTY RESPONSE IN SUPPORT OF PLAINTIFF'S
REPLY FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS**

TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND ALL

PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the four undersigned firms, which have been

appointed as Plaintiffs' Leadership in California state court cases against Uber,

hereby join and adopt the arguments advanced in the Reply to Uber's Response to

Plaintiffs' Motion for Transfer of Actions to the Northern District of California

Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings.

*See* Dkt. 75

## I. OVERVIEW

As noted in our prior submission, *see* Dkt. 24, the four undersigned firms

collectively represent many hundreds of Plaintiffs who have brought sexual assault

cases against Uber in California. We successfully petitioned the California State

Court Coordination panel to coordinate the cases and the cases were assigned to the

Honorable Ethan Schulman within Judicial Council Coordinated Proceeding

1

("JCCP") No. 5188. Judge Schulman appointed the undersigned four firms as co-leads and liaison counsel. Our four firms had also previously been appointed as co-leads by the Honorable Andrew Cheng within the Lyft JCCP, No. 5061, remarkably similar litigation involving sexual assaults perpetrated by Lyft drivers. Both the Uber and Lyft litigations have presented similar organizational and discovery challenges for the Courts and for the parties.

## II. PROCEDURAL POSTURE

Under the initial coordination order issued in JCCP No. 5188, the coordinated proceedings included cases in which the assaults occurred outside of California. Subsequently, Uber moved to dismiss those cases where the assault occurred outside of California on *forum non conveniens* grounds. Plaintiffs' counsel opposed Uber's *forum non conveniens* motion, on the grounds that almost all of the liability producing acts and omissions occurred at Uber's corporate headquarters and on the grounds that the goals of judicial coordination would be best served by coordinating all discovery in one court. Judge Schulman granted Uber's motion on January 23, 2023, and ordered Plaintiffs' counsel to dismiss those cases by August 31, 2023. Some of those Plaintiffs whose cases were the subject of Judge Schulman's Forum Order have been refiling their complaints in federal courts and others will do so in due course. The overwhelming majority of these federal actions have been filed in the Northern District of California.

Our four firms represent hundreds of clients who were sexually assaulted outside of California, in virtually every state in the country. Attached as Exhibit A

is a list of the cases which have been filed (or re-filed) in the Northern District of California thus far. This is just a subset of the cases which are subject to Judge Schulman's Order of Dismissal and who are represented by the undersigned. The 18 cases included in Exhibit A were already noticed in our previous filing. *See* Dkt. 24. Moreover, at least 15 additional cases, that have not been noticed before the Panel, have been filed in the Northern District of California.[1]

We expect that Uber will move to transfer these Northern District of California cases to the federal districts where the sexual assaults occurred, as it has before. If the transfer motions are successful, there will be a large number of federal court cases spanning multiple federal districts concerning largely identical factual and legal issues. Moreover, new cases continue to be filed as time goes on so that we anticipate many more will be filed in the future.

---

[1] *See*: (1) Jane Doe LS 293 v. Uber Technologies, Inc., et al., 3:23-cv-04364-KAW; (2) *Jane Doe LS 159 v. Uber Technologies, Inc., et al.,* 3:23-cv-04365-KAW; (3) *Jane Doe LS 67 v. Uber Technologies, Inc., et al.*, 3:23-cv-04366-AGT; (4) *Jane Doe LS 231 v. Uber Technologies, Inc., et al.*, 3:23-cv-04367-DMR; (5) *Jane Doe LS 91 v. Uber Technologies, Inc, et al.*, 3:23-cv-04368-TSH; (6) *Jane Doe LS 249 v. Uber Technologies, Inc., et al.*, 3:23-cv-04369; (7) *Jane Doe LS 259 v. Uber Technologies, Inc., et al.,* 3:23-cv-04370; (8) *Jane Doe LS 203 v. Uber Technologies, Inc., et al.,* 3:23-cv-0437-LB; (9) *Jane Doe LS 238 v. Uber Technologies, Inc., et al.*, 3:23-cv-04372-SK; (10) *Jane Doe LS 164 v. Uber Technologies, Inc., et al.,* 3:23-cv-04373-JCS; (11) *Jane Doe LS 155 v. Uber Technologies, Inc., et al.,* 3:23-cv-04374-LB; (12) *Jane Doe LS 158 v. Uber Technologies, Inc., et al.,* 3:23-cv-04385; (13) *Jane Doe LS 354 v. Uber Technologies, Inc., et al.*, 3:23-cv-04387; (14) *Jane Doe LS 144 v. Uber Technologies, Inc., et al.*, 3:23-cv-04388; (15) *Jane Doe LS 37 v. Uber Technologies, Inc., et al.,* 3:23-cv-04393.

## III. COORDINATION/CONSOLIDATION

The undersigned firms have been litigating against Uber since the inception of the JCCP No. 5188 on December 9, 2021. Further, we anticipate that the number of cases filed in federal courts will only increase in the following months. As a result, we agree with Movants that coordination is necessary in order to: (1) promote judicial economy; (2) manage discovery in coordination with Judge Schulman in JCCP No. 5188; (3) encourage global mediation efforts; (4) settle discovery and deposition disputes; and (5) ensure the adoption and implementation of uniform court management orders and discovery protocols in the federal forum amongst other things. *See* Dkt. 24.

Moreover, the undersigned firms hereby adopt and support the arguments advanced in Movant's Reply to Uber's Response. As stated within Movant's Reply, Uber's arguments against coordination and/or consolidation are meritless. *See* Dkt. 75. Uber's Terms of Use do not preclude coordination and transfer in this litigation. Moreover, coordination in this matter is appropriate pursuant to 28 U.S.C. § 1407 because common factual and legal issues predominate in all of the filed, as well as the soon to be filed, federal cases. Uber's attempt to prevent coordination on the basis that some of these cases will require the application of different state laws is misguided. As the Panel is well-aware, the application of different state laws is common in MDL litigation. Moreover, having multiple federal judges resolve similar and endemic questions of law would result in a completely inefficient arrangement that would only increase the likelihood of inconsistent legal rulings, as well as

unnecessarily burden federal courts in multiple jurisdictions. In seeking to avoid federal consolidation, Uber advances the same arguments that it unsuccessfully launched in its attempt to avoid consolidation in California state courts.

Lastly, the undersigned firms join Movant's in arguing that the Northern District of California is the most appropriate forum for this litigation given that Uber is based out of that jurisdiction, the location of witnesses and documents, the cases already filed in that forum, and the accessibility of the Northen District of California to all parties and witnesses. *See* Dkt. 75.

In light of the foregoing, the undersigned firms respectfully move this Panel to transfer the Uber sexual assault cases filed to date to the Northern District of California for coordination.


Dated: September 6, 2023          Respectfully submitted,

/s/ John Eddie Williams, Jr.
John Eddie Williams, Jr.
WILLIAMS HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com

/s/ William A. Levin
William A. Levin
LEVIN SIMES, LLP
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Phone: (415) 426-3000
Fax: (415) 426-3001
Email: wlevin@levinsimes.com

/s/ Kristen Barton
Kristen Barton
Steve Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Telephone: (619) 295-0035
Fax: (619) 295-0172
Email: steve@estey-bomberger.com
Email: kristen@estey-bomberger.com

/s/ Celine Cutter
Celine Cutter
Brooks Cutter
**CUTTER LAW, PC**
401Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Fax: (916) 588-9330
Email: bcutter@cutterlaw.com
Email: ccutter@cutterlaw.com

# EXHIBIT A