# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.** 25-mc-00121-NYW

**UBER TECHNOLOGIES, INC., RAISER, LLC, AND RAISER-CA, LLC,**

*Petitioners-Issuing Parties*,

**v.**

**EXPRESS DIGITAL SERVICES, LLC AND SHAWN GRAFT D/B/A EXPRESS DIGITAL SERVICES, LLC,**

*Respondents- Subpoenaed Parties*.

---

*Subpoena relates to: In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation, Case No. 3:23-md-03084-CRB, MDL No. 3084, pending in the U.S. District Court for the Northern District of California before Hon. Charles R. Breyer*

---

## DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS DUCES TECUM ISSUED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

## DECLARATION OF MICHAEL B. SHORTNACY

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1.      I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Petitioners Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC's (collectively, "Petitioners") Motion to Transfer Proceeding to Enforce Subpoenas Duces Tecum Issued by the U.S. District Court for the Northern District of California to the Issuing Court or to Compel Compliance with Subpoenas, regarding the Subpoenas issued by the U.S. District Court for the Northern District of California in the matter *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB, MDL No. 3084, pending in the before Hon. Charles R. Breyer (the "Uber MDL"), directed to and served upon Respondents Express Digital Services, LLC and Shawn Graft d/b/a Express Digital Services, LLC

2.      I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Respondents in the Uber MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3.      Attached as Exhibit A is a true and accurate copy of Docket number 752 in the Uber MDL, an order by Magistrate Judge Lisa J. Cisneros captioned "Order Re: Nonparty Subpoena Disputes," dated July 27, 2024, and reported on the Westlaw platform at 2024 WL 3559730.

---

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

4.      Attached as Exhibit B are true and accurate copies of Docket numbers 3604, 3784, 3876, 3972, 4137, 4294, 4440, 4456, 4569, and 4575 in the Uber MDL, orders entered by District Judge Charles R. Breyer on September 9 and 22 and November 19, 2025, and motions filed by Defendants in the MDL on July 30, August 28, October 13, November 3 and 21, and December 5, 2025.  These motions and orders relate to the submission of fraudulent Uber ride receipts, including those created using Respondents' services, in the Uber MDL.

5.      Attached as Exhibit C is a true and accurate copy of the subpoena issued and served on Express Digital Services, LLC, dated September 23, 2025, and an Affidavit of Due Diligence for the attempted service of this subpoena.  Attempted service was unsuccessful on September 24, 2025 because the registered address was a private mailbox service, Pack & Ship. Petitioners had to subpoena Pack & Ship to learn the owner of the mailbox was Shawn Graft.

6.      Attached as Exhibit D is a true and accurate copy of the subpoena issued and served on Shawn Graft d/b/a Express Digital Services, LLC, dated October 9, 2025 and served on that same date.

7.      Attached as Exhibit E is a true and accurate copy of the subpoena issued and served on Express Digital Services, LLC, dated October 17, 2025 and served on that same date. This second subpoena to Express Digital Services, LLC was served at the request of counsel for Respondents and served on counsel for Respondents by email with Respondents' consent.

8.      Attached as Exhibit F are true and accurate copies of the Terms and Conditions for Respondents' online and smartphone app services, as posted on Respondents' websites. The Terms

-3-

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

and Conditions for Respondents' service MakeReceipt are found at "https://makereceipt.com/terms-conditions.php." The Terms and Conditions for Respondents' service ExpressExpense are found at "https://expressexpense.com/terms-conditions.php." The Terms and Conditions, titled "Site Contents, Ownership, and Use Restrictions," of Respondents' service ExpenseFast are found at "https://expensefast.com/terms-and-conditions/." The Terms and Conditions for Respondents' service DocDesk are found at "https://docdesk.co/terms-and-conditions/." The Terms and Conditions for Respondents' service InvoiceWriter are found at "https://invoicewriter.com/terms-conditions.php." The copies of these terms and services included in Exhibit F were collected from Respondents' websites on December 18, 2025.

9.      Attached as Exhibit G are true and correct copies of three email chains between Michael Shortnacy, Adam Shoshtari, and Jay Haider (counsel for Petitioners) and Kelly Twigger (counsel for Respondents), with emails dated: (1) October 15, October 17, October 20, October 23, October 26, October 30, October 31, November 4, November 10, November 17, November 19, November 20, and November 21, 2025; (2) November 21, November 26, and December 1, 2025; and (3) December 2, December 3, December 5, December 6, December 7, and December 8, 2025.

**MDL Plaintiffs' Use of Respondents' Services to Create Fake Uber Ride Receipts**

10.      On information and belief, Respondents' services include MakeReceipt.com, ExpressExpense.com, ExpenseFast.com, Docdesk.co, InvoiceWriter.com, Make Receipt app, ExpressExpense app (collectively, "MakeReceipt"). As Respondents' counsel stated in a

---

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

November 17, 2025 email regarding the difference between free and paid accounts, "any receipts created from my client's applications [for free users] would carry a watermark that says either 'Become a member to remove watermark' or 'For pro or enterprise members only.'" *See* Ex. G at 2 (Nov. 17, 2025). MakeReceipt's website further states, "If you choose to become a member, the receipt watermark will be removed." https://makereceipt.com/; *see also* https://expressexpense.com/ ("Members enjoy watermark-free receipts for a professional look.").

11.    The front page of the Expense Fast website ("https://expensefast.com/") states, "For entertainment, research and educational purposes ONLY," and the next line immediately below, "NOT intended for use for fraudulent purposes," demonstrating Respondents' knowledge that their services could be used for fraudulent purposes. The front page of the Expense Fast website also includes a list of four links on the center-right side, one of which reads "Make Fake Receipts." A true and accurate screenshot of the front page of the Expense Fast website, taken on December 16, 2025, is below:

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____



-6-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

12.      The Expense Fast website ("https://expensefast.com/uber-receipt-generators-are-useful-for-so-many-reasons/") has an article dated July 24, 2024 titled "Uber Receipt Generators are Useful for So Many Reasons." A true and accurate screenshot of that article, taken on December 15, 2025, is below:



13.      On the Make Receipt website ("www.makereceipt.com/faq.php"), under the FAQ section, under the question "Can I use the Walmart or Target receipts for returns at the store?," Respondents state, "We do not recommend attempting to use any of our receipt templates for fraudulent purposes," demonstrating Respondents' knowledge that their services could be used for fraudulent purposes.

14.      The Make Receipt website ("https://makereceipt.com/receipt-templates/taxi/uber-receipt/") has a template for creating fake Uber ride receipts, with the heading "Uber Receipt

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

Generator – Create & Customize Online." A true and accurate screenshot of that article, taken on December 15, 2025, is below:



15.     Multiple Plaintiffs in the Uber MDL submitted receipts in support of their claims bearing the MakeReceipt watermark, and another MDL Plaintiff submitted a receipt without a watermark but that also bears indicia that it was generated using MakeReceipt. *See* Uber MDL, Dkt. No. 3604 at 3-4. On information and belief, individuals can easily remove watermarks with a variety of readily accessible tools.

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

**Respondents' Noncompliance with Subpoenas, Which Seek the Identities of Users Who Have Created Fake Uber Ride Receipts**

16.　　The first communication between counsel for Petitioners and counsel for Respondents was on October 15, 2025. Counsel for Petitioners and counsel for Respondents conferred by videoconference on October 16, November 6, and November 21, 2025. I have personal knowledge of those discussions because I participated in those conferrals.

17.　　On the October 16, 2025 conferral, counsel for Petitioners and Respondents discussed Respondents' compliance, and Petitioners' service of an amended subpoena that added a limitation on the timeframe for the documents to be produced by Respondents and provided Respondents 14 days to comply.

18.　　On October 26, 2025, Respondents produced six spreadsheets for Respondents' various services, containing data relating to requests to produce Uber receipts by paid users. On October 31, 2025, Respondents made a supplemental production because, according to Respondents, the spreadsheet for Expense Fast had incorrect information. The supplemental production provided a replacement file for one of the previously-produced spreadsheets.

19.　　The data produced by Respondents related only to users of their paid services. This data was not sufficient to permit MDL Defendants (Petitioners) to match MDL Plaintiffs with users of Respondents' applications or websites. For instance, Respondents produced email addresses used to create non-bona fide Uber ride receipts, which, on information and belief, are not the same email addresses MDL Plaintiffs used to create their Uber accounts—and therefore are of no use in

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

most instances in identifying MDL Plaintiffs who used Respondents' services to create fraudulent

Uber ride receipts.

20.     On the November 6, 2025 conferral, counsel for Petitioners and Respondents

discussed Respondents' compliance, including the potential differences in responsive documents

for paid users and free users. Counsel for Petitioners stated that they would discuss with their client

the possibility of paying for Respondents' reasonable compliance costs.

21.     On the November 21, 2025 conferral, counsel for Petitioners and Respondents

discussed Respondents' compliance, including Petitioners' request for Stripe IDs.

22.     During the conferrals, Respondents acknowledged that they are withholding Stripe

IDs for individuals who used Respondents' paid services to create Uber ride receipts. Stripe IDs

are unique alphanumeric identifiers associated with users who have paid for Respondents' services.

Stripe is a payment processor (*see* stripe.com) that could, on information and belief, use those IDs

to identify those users (pursuant to a subpoena and court order, if necessary). Respondents refused

to produce this information. Respondents have not explained in the conferrals why producing

Stripe IDs would be any more time-consuming or costly than simply exporting that data.

23.     Counsel for Respondents offered, on November 21, 2025, to produce only the

Stripe IDs for transactions in their produced data for which there is evidence that the user submitted

a receipt in the Uber MDL that the user generated using Respondents' services. *See* Ex. G at 15

(Nov. 21, 2025). On November 21, 2025, Petitioners' counsel showed Respondents' counsel

redacted "receipts" that MDL Plaintiffs have submitted in the Uber MDL that bear Respondents'

-10-

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING
TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

watermark, which "receipts" are also publicly available as part of Defendants' first motion for

order to show cause regarding non-bona fide ride receipts. *See* Uber MDL, Dkt. 3604 at 3 (Exhibit

B).

24.    Respondents have not produced names and IP addresses associated with users for

its free or paid services. Respondents' counsel has said in conferrals that Respondents do not

possess names and IP addresses for users of their free or paid services. Nevertheless, and curiously,

Respondents have refused to provide declarations attesting that they do not possess, and have not

at any time possessed, names and IP addresses for users of their free or paid services.

25.    At no point have Respondents served any written objections to Petitioners'

subpoenas.

26.    The conferrals by email and videoconference through October 31, 2025 were about

how Respondents would comply with the subpoena, not whether they would comply. The first time

Respondents' counsel offered any specific narrowing of the subpoena requests was on November

17, 2025 when they asked Petitioners to limit their request for Stripe IDs to specific identified

individuals.

27.    Counsel for Respondents repeatedly and consistently represented, both in writing

and orally during conferrals, that Respondents consented to having Judge Cisneros of the MDL

court resolve this subpoena dispute. For example, on November 21, counsel for Respondents stated

in writing, "**If Uber wants to proceed before Judge Cisneros, we are happy to do that . . . .**"

Ex. G at 1 (Nov. 21, 2025) (emphasis added); *see also, e.g.*, *id.* ("If instead you prefer to present

---

-11-

**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING
TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS**

Case No. _____

the matter to Judge Cisneros, any hearing will need to be set after the Thanksgiving holiday at this point."); *id.* at 12-13 (Nov. 21, 2025) ("We will plan to seek those costs in front of Judge Cisneros if we cannot come to an agreement."); *id.* at 10 (Dec. 1, 2025) ("That's a very simple relevance/proportionality argument that we can have with Judge Cisneros as needed."); *id.* ("We will seek to pursue my client's expenses directly with Judge Cisneros.").

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Michael B. Shortnacy*

Executed on December 19, 2025 in Los Angeles, California.

-12-

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF PETITIONERS' MOTION TO TRANSFER PROCEEDING
TO ENFORCE SUBPOENAS TO THE ISSUING COURT OR TO COMPEL COMPLIANCE WITH SUBPOENAS

Case No. _____

# Exhibit G

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Friday, November 21, 2025 9:24 AM
**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Cc:** Shoshtari, Adam M. (SHB) <ASHOSHTARI@shb.com>; Taylor, Joshua J. (SHB) <JJTAYLOR@shb.com>;
Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation

**EXTERNAL**
Good morning Michael,

If Uber wants to proceed before Judge Cisneros, we are happy to do that, as my client has more than complied with the subpoena and been very cooperative to date. Note that we will seek to recover those costs as well.

Early east coast time (as I mentioned in my email) is not 9:30am. I was at the airport boarding a plane then. Please keep in mind that your travel kept you from responding for an entire week with no notice you were out, where I told you I was out and could meet this afternoon.

I have time between 11-2pm mountain time today and will be in the office on Monday and Tuesday (until 2pm) next week before the Thanksgiving holiday. If there's a time that works in that block today, please send an appt and we can bring this to a conclusion. If you want to meet next week, please send some times that you are available.

If instead you prefer to present the matter to Judge Cisneros, any hearing will need to be set after the Thanksgiving holiday at this point. I would appreciate knowing exactly what it is you plan to argue to the Court as non-compliance. Just a reminder that after today, my client will be unavailable until January 6th due to previously booked travel.

Thanks,

Kelly


On Nov 20, 2025, at 12:24 PM, Shortnacy, Michael (SHB) wrote:

Kelly – we have not heard back from you. Recognize you are traveling. We would like to move this along to conclusion, as we understand from you that your client desires this. If we cannot reach agreement, we are prepared to go the MDL Court. The Court has heard several subpoena disputes, as the docket reflects; and typically does so promptly. Could we please nail down a firm time on Friday as our final conferral. We continue to hope that we can cooperatively resolve this dispute. Thank you, Michael
**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | [mshortnacy@shb.com](mailto:mshortnacy@shb.com)

**From:** Shortnacy, Michael (SHB) <[mshortnacy@shb.com](mailto:mshortnacy@shb.com)>
**Sent:** Wednesday, November 19, 2025 11:53 AM
**To:** Kelly Twigger <[ktwigger@esiattorneys.com](mailto:ktwigger@esiattorneys.com)>
**Cc:** Shoshtari, Adam M. (SHB) <[ASHOSHTARI@shb.com](mailto:ASHOSHTARI@shb.com)>; Taylor, Joshua J. (SHB) <[JJTAYLOR@shb.com](mailto:JJTAYLOR@shb.com)>; Wikler, Jeremy (SHB) <[JWIKLER@shb.com](mailto:JWIKLER@shb.com)>
**Subject:** RE: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
Kelly – thank you for your email. We want to move this along promptly to conclusion. Could we please set a call tomorrow (Thursday) as you suggest early. Does 7:30 am PT work for you? Michael
**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | [mshortnacy@shb.com](mailto:mshortnacy@shb.com)

**From:** Kelly Twigger <[ktwigger@esiattorneys.com](mailto:ktwigger@esiattorneys.com)>
**Sent:** Monday, November 17, 2025 12:10 PM
**To:** Shortnacy, Michael (SHB) <[mshortnacy@shb.com](mailto:mshortnacy@shb.com)>
**Cc:** Shoshtari, Adam M. (SHB) <[ASHOSHTARI@shb.com](mailto:ASHOSHTARI@shb.com)>; Taylor, Joshua J. (SHB) <[JJTAYLOR@shb.com](mailto:JJTAYLOR@shb.com)>
**Subject:** Re: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
**EXTERNAL**
Hi Michael, I haven't heard back, so guessing top of the hour doesn't work.
To help your team move forward, Adam asked on our last call about whether the data is different for free v. Paid plans. The answer is that yes, any receipts created from my client's applications would carry a watermark that says either "Become a member to remove watermark" or "For pro or enterprise members only". We would like to see a copy of files that you believe have watermarks suggesting that they originated from my client's sites or apps.
Adam also asked about the cells on the DocDesk spreadsheet. The answer is that the cell titled "data" contains the JSON that creates the receipt. The information on that spreadsheet is the only information that Express Digital Services maintains from DocDesk.
The only other open issue is the Stripe IDs for all of the records provided. As we discussed, Uber is not able to narrow the set of user IDs from the spreadsheets provided by my client in order to identify the Stripe IDs that correspond with emails already at issue in the litigation, apparently as a result of masked email addresses input by users. As such, you are asking my client to provide Stripe IDs for ALL of the user IDs listed on the spreadsheets. Each line on a spreadsheet represents a specific transaction, and they number in the tens of thousands. Asking Uber to narrow their request is reasonable here. There's a fine line between my client providing data in response to a subpoena and maintaining compliance with its terms and conditions as provided to users. We can discuss further when we are able to connect on a call. Safe travels this week. Please note that my client is unavailable due to travel schedules from Thanksgiving through to January 6th.

Let's plan to connect this Friday afternoon — alternatively I can try and make myself available Thursday morning early. I'll be in Eastern time.
Please let me know what works so we can bring this to a close for my client.
Thanks,
Kelly

|   |   |   |
|---|---|---|
| **1.** | **Kelly Twigger** | ([720) 370-0435](tel:720-370-0435) \| [(720) 485-9695](tel:720-485-9695) |
|   | ESI Attorneys LLC | [ktwigger@esiattorneys.com](mailto:ktwigger@esiattorneys.com) |
|   |   | [www.esiattorneys.com](http://www.esiattorneys.com) |
|   |   | 2945 Juilliard Street, Boulder, CO 80305 |

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.
On Nov 17, 2025, at 11:20 AM, Kelly Twigger <[ktwigger@esiattorneys.com](mailto:ktwigger@esiattorneys.com)> wrote:
Hi Michael, I'm heading to the airport this afternoon for the balance of the week, but I can hop on for a short call at 1pm MT/2pm CT. Can that work? Otherwise, I'm back Friday afternoon and in the office next week.
Thanks,
Kelly
On Nov 17, 2025, at 8:52 AM, Shortnacy, Michael (SHB) <[mshortnacy@shb.com](mailto:mshortnacy@shb.com)> wrote:

Kelly – I was OOO last week. Could you and I hop on a Zoom today. Would like to discuss your fee question, and also determine the best way to proceed logistically (including your invoices and other tax information from your firm that would be required). Could you also have an update on the questions discussed on our last call? Michael
**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 \| [mshortnacy@shb.com](mailto:mshortnacy@shb.com)

**From:** Kelly Twigger <[ktwigger@esiattorneys.com](mailto:ktwigger@esiattorneys.com)>
**Sent:** Monday, November 10, 2025 2:20 PM
**To:** Shortnacy, Michael (SHB) <[mshortnacy@shb.com](mailto:mshortnacy@shb.com)>
**Cc:** Shoshtari, Adam M. (SHB) <[ASHOSHTARI@shb.com](mailto:ASHOSHTARI@shb.com)>; Taylor, Joshua J. (SHB) <[JJTAYLOR@shb.com](mailto:JJTAYLOR@shb.com)>
**Subject:** Re: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
**EXTERNAL**
Hi Michael, following up on your agreement to discuss fees with your client so that Express Digital Services can be reimbursed for its costs in responding to the subpoena. You and your investigator have told both my client and me that you will have that discussion for weeks, but I have not heard anything

concrete. Please advise and note that the calculations I discussed last week did not include any amount for my client's time — more than 17 hours spent — to pull this information together.
I look forward to hearing from you on this issue.
Thanks and hope you had a great weekend,
Kelly

On Nov 4, 2025, at 10:01 PM, Kelly Twigger <ktwigger@esiattorneys.com> wrote:
Hi Michael,
I can do 12pm to 1pm on Thursday. Mountain Time. Please send over an appt to reserve the time.
Thanks,
Kelly

On Nov 4, 2025, at 9:00 AM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:
Kelly,
Thanks again for this information.
Do you have time to connect on a Zoom perhaps tomorrow (Weds, before 2 pm MT) or Thursday (before 1 pm MT)?
Thank you,
Michael
**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Friday, October 31, 2025 1:19 PM
**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Cc:** Shoshtari, Adam M. (SHB) <ASHOSHTARI@shb.com>; Taylor, Joshua J. (SHB) <JJTAYLOR@shb.com>
**Subject:** Re: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
**EXTERNAL**
MIchael, the new file has been added. Please go through it with your team and let's aim for Tuesday. I teach on Monday afternoons.
If there are questions on the data and you can send them over, I will make sure I have the information for our call.
Thanks, have a great weekend and happy halloween!
Kelly

On Oct 31, 2025, at 10:19 AM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:

Kelly,

Thank you for your email and the information about the expected supplemental production. We think it makes sense for us to digest the information you provide and then set a call afterwards, when we have had a chance to do so on our end. That seems to be most efficient, and we are cognizant of your clients' concerns about efficiency. In addition, I will confer with my client about the issue you raise on costs. Shall we aim for a time late Monday or early Tuesday (presuming you are able to provide the supplemental data today, as of this writing, we have not yet received it.)

Thank you,

Michael

**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Thursday, October 30, 2025 12:51 PM
**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Cc:** Shoshtari, Adam M. (SHB) <ASHOSHTARI@shb.com>; Taylor, Joshua J. (SHB) <JJTAYLOR@shb.com>
**Subject:** Re: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
**EXTERNAL**

Michael, good afternoon.

My client advised me today that the expensefast spreadsheet had the incorrect information. I will update the new data to the SFTP site in a couple of hours.

This data is all of the data that my client has and will constitute compliance with the subpoena. I can talk with you tomorrow afternoon at noon MT. If that works, please send a meeting invite.

Please also note that my client has incurred more than $3,000 to now respond to this subpoena, not including the time he spent communicating with your investigator. This is a significant cost for his size business. Please be prepared to discuss whether Uber will reimburse Express Digital Services for its costs in accordance with Rule 45.

Thanks,

Kelly

| | |
|---|---|
| **2.    Kelly Twigger**<br>ESI Attorneys LLC | (720) 370-0435 \| (720) 485-9695<br>ktwigger@esiattorneys.com<br>www.esiattorneys.com<br>2945 Juilliard Street, Boulder, CO 80305 |

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Oct 30, 2025, at 8:57 AM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:

Kelly – thank you for providing this material, and for your email earlier today. This email acknowledges receipt. Now that we have had a chance to digest the data that you provided, we would like to have a call with you to talk through a few questions. We do not believe that compliance is complete, based on what we are seeing. But, that is what we would like to discuss, and we see no reason that the cooperative posture we have struck together should not continue. We greatly appreciate your cooperation here. Are there times today (preferably) or tomorrow to hop on a Zoom or Teams call and share screen to cover some of our questions on the data? Thank you, Michael

**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Sunday, October 26, 2025 10:09 AM
**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Cc:** Shoshtari, Adam M. (SHB) <ASHOSHTARI@shb.com>; Taylor, Joshua J. (SHB) <JJTAYLOR@shb.com>
**Subject:** Re: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
**EXTERNAL**

Michael, I was out of the office on another client end of last week and am just getting to messages.

My client has gave me permission to upload the exports to the SFTP Adam provided below. I've created an account and uploaded the native csv files from my client that were exported using the date range criteria discussed on our call for the available data. We are not running a formal production so you are receiving the native .csv files as listed below.

There are five separate .csv files that I uploaded, one for each website or app that my client maintains that have responsive data:

- Docdesk
- ExpenseFast
- ExpressExpense
- InvoiceWriter
- MakeReceipt

This upload completes my client's obligations to respond under the Subpoena. Per your email on Friday, if there is something further to discuss, please advise me asap. My client has already incurred costs to respond here that are significant and wishes to keep those at a minimum.

I expect you will provide a copy of this data to opposing counsel as required by the Rules.

Thank you,

Kelly

|   |   |   |
|---|---|---|
| **3.** | **Kelly Twigger** | (720) 370-0435 | (720) 485-9695 |
|  | ESI Attorneys LLC | ktwigger@esiattorneys.com |
|  |  | www.esiattorneys.com |
|  |  | 2945 Juilliard Street, Boulder, CO 80305 |

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Oct 23, 2025, at 9:55 AM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:

Kelly, following on Adam's email below, we thought it might be helpful to connect briefly. Do you have any time today or tomorrow? Thank you, Michael

**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com

**From:** Shoshtari, Adam M. (SHB) <ASHOSHTARI@shb.com>
**Sent:** Monday, October 20, 2025 7:36 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Taylor, Joshua J. (SHB) <JJTAYLOR@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation

Kelly,

I hope you had a nice weekend.

Below is a link to the sFTP (Kiteworks). Please let me know if you have any questions.

Kiteworks Non-Party Upload
Thanks.
**Adam M. Shoshtari**

Shook, Hardy & Bacon L.L.P. | Los Angeles
424-285-8844 | ashoshtari@shb.com


**From:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Sent:** Friday, October 17, 2025 8:29 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shoshtari, Adam M. (SHB) <ASHOSHTARI@shb.com>; Taylor, Joshua J. (SHB) <JJTAYLOR@shb.com>
**Subject:** RE: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
Kelly,
Thank you again for the conferral yesterday. You advised us that you are authorized by your client to accept service of an amended subpoena. A copy of the amended subpoena is therefore attached for service upon you. Note that the Protective Order is also appended to the subpoena.
We will be back in touch early next week regarding the items we discussed in our conferral. In the meantime, have a great weekend.
Michael
**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com


**From:** Shortnacy, Michael (SHB)
**Sent:** Wednesday, October 15, 2025 10:03 PM
**To:** 'Kelly Twigger' <ktwigger@esiattorneys.com>
**Subject:** RE: Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
Kelly – thanks for your email, and good to see you again. We understand you are now retained and have given the instruction to the investigator. It would be great to connect tomorrow at 4 pm MT, which fits in one of your available windows. I will send a calendar invitation to hold the time for us. Look forward to speaking with you. Michael
**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com


**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Wednesday, October 15, 2025 4:48 PM

8

**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** Express Digital Services Subpoena/In re Uber Sexual Assault Litigation
**EXTERNAL**

Michael,

Please be advised that Express Digital Services has retained ESI Attorneys to represent it in response to the Notice of Subpoena under FRCP 45 that you sent to Shawn Graft last week. I've had a chance to sit down with the client. Are you available tomorrow or Friday to discuss?

Tomorrow is a little tight, but I've got a couple of windows from 11:30 to 1pm and 3-5pm MT, so one hour earlier than Central. Is there a time in there that works for you?

My cell is the best way to reach me 720.485.9695.

Please let your investigator know that at this point all conversations should go through me.

Thanks,

Kelly

| | |
|---|---|
| **4.    Kelly Twigger**<br>ESI Attorneys LLC | (720) 370-0435 \| (720) 485-9695<br>ktwigger@esiattorneys.com<br>www.esiattorneys.com<br>2945 Juilliard Street, Boulder, CO 80305 |

---

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

| | |
|---|---|
| **From:** | Kelly Twigger <ktwigger@esiattorneys.com> |
| **Sent:** | Monday, December 1, 2025 2:21 PM |
| **To:** | Shortnacy, Michael (SHB) |
| **Cc:** | Wikler, Jeremy (SHB); Haider, Jay B. (SHB) |
| **Subject:** | Re: Express Digital Services Subpoena Compliance |

**EXTERNAL**

Michael, thanks for your email below which I received at 7:42 pm on the Wednesday before Thanksgiving. As I was out of the office, I saw it this morning.

Several things from your email below are flat out wrong and require correction. I will caution you from misrepresenting our conversations to the Court. I specifically asked that we record them so there was no conflict like this and you (and the other two attorneys that you have insisted on having on every call) refused. The purpose of recording the calls was to avoid this exact situation.

First, you have not provided any evidence whatsoever that plaintiffs have used Express Digital Services tools to create receipts that have been submitted in the underlying action. I asked twice for physical proof, you refused, claiming they are protected but Uber has not allowed us to sign said protective order to view them. You showed me one receipt from a plaintiff on our last Zoom call, but refused to allow to provide it for me to show my client. In no way did it reference the name of any of my client's services. And you admitted in your previous email that you used the information already provided by my client to cross match against your database and found **zero** matches. Again, that is not reason to provide more information, ***it's a reason that there is no basis to provide more information***. That's a very simple relevance/proportionality argument that we can have with Judge Cisneros as needed.

Second, my client has provided all of the information that the users who created receipts for Uber provide that is maintained by Express Digital Services. The productions made in response to Uber's subpoena contain a spreadsheet from each of the five services which my client has spent in excess of 18 hours to create and produce at its expense. The fact that the information my client maintains is not sufficient for Uber to identify which plaintiffs may have submitted receipts that were created using my client's services is not my client's responsibility, and it far exceeds my client's obligations under Rule 45. From an evidentiary perspective, the fact that a receipt was created using any service, my client's or otherwise, does not mean that the ride didn't happen.

The Stripe IDs are not information provided by users, they are information created by another third party application when and if a user signs up for an account. And, as I have told you, users who create free receipts do not create accounts, so there will be no Stripe ID for them.

Express Digital Services has millions of customers. I have advised you multiple times to identify from the 30,000 transactions provided which ones it believes submitted receipts from my client's services. Absent any basis for why a transaction has evidentiary value, the request that my client provide more than 30,000 Stripe IDs with no basis that they will be of value in the underlaying litigation is not relevant or proportional, and is barred by the Stored Communications Act. It is not a matter of exporting just another field to provide those Stripe IDs.

Finally, you told me on our last call that you have already subpoenaed Stripe directly. The information my client provided is not subject to the protective order, so give it to Stripe and have them run the IDs. They do not belong to Express Digital Services, and as I have already told you, my client is uncertain as to whether the contract with Stripe or other legal issues preclude it from providing them.

I am assuming from your lack of mention of it below that you are now reneging on the multiple promises both your Investigator and You have made to cover my client's costs to respond to the subpoena which we relied on. We will seek to pursue my client's expenses directly with Judge Cisneros.

Hope you had a Happy Thanksgiving,


Kelly


**Kelly Twigger**
ESI Attorneys LLC

 (720) 370-0435 | (720) 485-9695
 ktwigger@esiattorneys.com
 www.esiattorneys.com
 2945 Juilliard Street, Boulder, CO 80305

            

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.


On Nov 26, 2025, at 7:33 PM, Shortnacy, Michael (SHB) wrote:

Kelly,
Thank you for your email, which we have now had a chance on our side to consider. As we discussed on our call on Friday, plaintiffs in the Uber MDL have used your client's services to create non-bona fide Uber receipts. But your client has not produced information sufficient to identify these and other plaintiffs who have used your client's services. As I explained on our call, the email addresses provided by your client to date do not necessarily tie to any information (i.e., other email address) that has been disclosed in the MDL by a plaintiff, which only underscores the insufficiency of the production and why we need your client to produce the Stripe IDs that you previously said your client would produce but are now withholding. You have explained to us that there is no substantial burden in providing this Stripe ID information, and that it would be a matter of exporting that field from your client's systems correlating to the information your client has already provided.

2

11

Because your client is now refusing to provide information that could be used to determine which plaintiffs in the MDL have used your client's services to create non-bona fide Uber receipts and because your client is refusing to state under oath (by answering the simple questions posed below) that he does not have other information that could be used to identify individuals who have used his services (even though his website and Terms of Use indicates otherwise), it is apparent to us that we have reached an impasse. Uber will exercise its rights under Pre Trial Order No 8 in the MDL, and expressly reserves its rights and remedies under all applicable rules and procedures to enforce the Subpoena.

Likewise wishing you a happy Thanksgiving.

Michael

**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | <u>mshortnacy@shb.com</u>



---

**From:** Kelly Twigger <<u>ktwigger@esiattorneys.com</u>>
**Sent:** Friday, November 21, 2025 3:51 PM
**To:** Shortnacy, Michael (SHB) <<u>mshortnacy@shb.com</u>>
**Cc:** Wikler, Jeremy (SHB) <<u>JWIKLER@shb.com</u>>; Haider, Jay B. (SHB) <<u>jhaider@shb.com</u>>
**Subject:** Re: Express Digital Services Subpoena Compliance

**EXTERNAL**

Michael, I've had a chance to review your email below with my client.

On our call this morning, I told you that Uber would need to provide me with the language from the Federal Rules of Civil Procedure and supporting case law for the basis for a declaration. I do not see that in the email below. There's simply no authority for it. I did not invite you to send a list as you suggest, I told you that you could send it, but without any authority for such a declaration, my client would not be providing one.

Further, your email states that there were no cross matches with your data from the data my client sent, which only strengthens my client's case that providing Stripe IDs for all 30.000+ transactions is overbroad. If you want to continue the dialogue on this issue, please provide the email addresses by line and service on the spreadsheets provided that you believe are masked and the basis for the belief, and we can start there, or you can provide some other basis on which to identify which transactions suggest that they may have come from plaintiffs/riders who submitted receipts in the underlying litigation.

As to the cost issue, the sum you note below were the costs (attorneys' fees only as I stated) before the last few weeks of back and forth and Uber's additional requests. Attorneys fees at this point are approximately $8,500 and climbing and Shawn Graft's time on behalf of Express Digital Services to create the searches and run them multiple times is at $9,000 when billing his time at a reduced cost of $500/hour. Given that Uber has had 3 attorneys on every call we've had on this subpoena, that is a low number, but one that is clearly significant under Rule 45. We will plan to seek those costs in front of Judge Cisneros

3

if we cannot come to an agreement. As I informed you in our first call, Uber has previously retained Shawn Graft to provide expert services for the Company, so it is well aware that $500 is a reduced rate for his services.

I am leaving the office now for the weekend, but will be in on Monday and Tuesday (until 3pm). I would be happy to get on a call to review the information you have regarding masked email addresses as a way to start trying to identify how to narrow the transactions provided to a set that makes sense.

If we don't connect, wishing you all a very Happy Thanksgiving.

Thanks,
Kelly

**Kelly Twigger**

ESI Attorneys LLC



☎ (720) 370-0435 | (720) 485-9695

✉ ktwigger@esiattorneys.com

🔗 www.esiattorneys.com

📍 2945 Juilliard Street, Boulder, CO 80305

  

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Nov 21, 2025, at 3:32 PM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:

Kelly,

Thank you for your email, and thank for your time this morning on the Zoom. As we discussed during our call, we need confirmation in the form of a declaration from your client that certain information you have conveyed to us during our prior conferrals and written communications is accurate. We do not have reason to doubt you but would simply like to have confirmation the information conveyed to you, and then us, is accurate.

Because you asked us to provide the pieces of information that we would like confirmed from your client quickly following our call, we have sketched out our questions in the bullets below. We can revise this further or schedule another meet and confer, but wanted to give you the questions we have, including questions related to information provided that seems to contradict the statements in your client's Terms and Conditions regarding retention of names and IP addresses, so that you can discuss with your client. These questions, framed below, are intended to apply to all apps and services that are subject of the Subpoena, that could be used to generate a document in the style of an Uber receipt via the free or paid options offered by your client. For brevity, and because you asked that we send these questions right away following our call this morning, we are not crafting them individually / separately to relate specifically to each separate source of data. By "client"

4

we also mean to broadly include the entity or entities that have access to or store the data, not just your individual client Sean Graft, himself:

- Your client does not store or maintain names of individuals that paid to use apps or services.
- Your client does not store or maintain names of individuals that did not pay to use apps or services.
- Your client does not store or maintain IP addresses related to users who pay for apps or services.
- Your client does not store or maintain IP addresses related to users who do not pay for apps or services.
- Your client does not store or maintain IP addresses related to users who download the apps from the Apple Store or Google Play Store.
- Your client does not have any way to connect User IDs that your client stores and maintains to IP addresses related to users.
- Your client has produced all available information responsive to the Subpoena for each of the apps or services, except for the Stripe IDs.
- Your client does not store or maintain any of the information already provided for the users who paid to use apps or services, for the users who do not pay for services.
- Your client's written confirmation of the time periods for all available data for each source produced pursuant to the Subpoena.

Lastly, as discussed, the Stripe IDs are needed in order to cross-check individuals who do not currently have a match to information we have from complaints or other information provided pursuant to court order. We are not able to provide you plaintiff-specific information due to the agreed upon terms of the Protective Order that we attached to the Subpoena that was served on your client. Also, as you know, the data your client has provided has many anonymized and masked email addresses. We need Stripe IDs to get more information on those users. Additionally, for email addresses that *don't* match we need Stripe IDs to confirm whether they are connected to the litigation. As discussed, we are able to conduct an exercise of locating potentially matching email addresses, and have done so. You asked me to get additional information on this, and I have done so, and can say the following without waiving any work product protection. The cross-checking to date has not yielded any relevant matches to the data you provided. As we explained in our call earlier, this is precisely why we need the Stripe IDs to be able to generate information with which to perform a cross-check of the data. It cannot be inferred that no matches means that no Express Receipt users are plaintiffs in the MDL. As we see in your data, users mask emails, or they could use separate or different emails to file a claim vs. generating a receipt, and your client says it does not have names of users from which matches could be derived.

With the provision of the requested Stripe ID information, and a declaration attesting to the simple facts you have already communicated to us outlined above, we would consider compliance with the Subpoena complete, with a reservation of rights. In addition, in line with the above, Uber is willing to cover your client's reasonable fees for compliance, with confirmatory

information to be provided by you (e.g., invoice, W-9, etc.), which we understand from our last call was then around $3,500.

It probably makes sense to hop on a call before 4 pm MT as you suggest. We are available until then, and following that time today to confer and reach resolution – as you have advised us your client will be unavailable after today until January.

Michael

----

**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | [mshortnacy@shb.com](mailto:mshortnacy@shb.com)



---

**From:** Kelly Twigger <[ktwigger@esiattorneys.com](mailto:ktwigger@esiattorneys.com)>
**Sent:** Friday, November 21, 2025 1:25 PM
**To:** Shortnacy, Michael (SHB) <[mshortnacy@shb.com](mailto:mshortnacy@shb.com)>
**Subject:** Express Digital Services Subpoena Compliance

**EXTERNAL**

Michael, as a follow up to our call this morning, I've spoken with my client regarding the two additional questions that Uber has asked about the data provided under the subpoena, and reviewed whether the subpoena covers either one.

If you have the information regarding the work done to marry the email addresses provided to Uber on October 23, 2026, we can hop on this afternoon and discuss. I can make time until 4pm MT, then again on Monday as needed. The only information that we have to date about why Uber cannot use the emails provided to narrow the set of customers for which it is requesting Stripe IDs is that the emails "are masked". That doesn't give us sufficient detail to make an analysis.

Express Digital Services is willing to provide Stripe IDs for the transactions on the lists provided by service for which there is evidence that they submitted receipts for inclusion in the pending matter. Anything broader than that is not relevant to Uber's defenses in this case.

Please let me know if you have the information and would like to hop on a call. We did not discuss the cost recovery issue this morning, so that will need to be first on the agenda.

Thanks,
Kelly

**Kelly Twigger**

ESI Attorneys LLC

📞 (720) 370-0435 | (720) 485-9695
✉️ ktwigger@esiattorneys.com

  

www.esiattorneys.com

2945 Juilliard Street, Boulder, CO 80305



This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

| From: | Kelly Twigger <ktwigger@esiattorneys.com> |
| --- | --- |
| Sent: | Monday, December 8, 2025 10:53 PM |
| To: | Shortnacy, Michael (SHB) |
| Cc: | Wikler, Jeremy (SHB); Haider, Jay B. (SHB) |
| Subject: | Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 |

**EXTERNAL**

Michael,

I want to be very clear about our client's position.

Rule 45(f) requires express consent from the nonparty before a subpoena dispute can be transferred to the issuing court. Our client has not provided such consent. References in prior correspondence to Judge Cisneros or to the possibility of presenting issues in the MDL were part of discussions about potential avenues for resolution, not an express, irrevocable consent to MDL jurisdiction under Rule 45(f).

If Uber had authority suggesting that informal discussion or references to a judge's name constitute consent under Rule 45(f), I would expect you to cite it. To my knowledge, there is no such precedent; the rule and case law require explicit consent from the person subject to the subpoena, and protect nonparties from precisely this kind of implied-consent argument.

As a Colorado nonparty, Express Digital Services' district of compliance is the District of Colorado, and that court is the proper forum for any subpoena-related motion. MDL pretrial orders, including PTO 8 and its joint letter deadlines, do not apply to our client absent explicit consent, which has not been given.

We have met and conferred with Uber multiple times, produced information, and repeatedly advised you of the burden and expense involved, as well as our intent to seek cost-shifting under Rule 45(d)(2)(B)(ii), which both you and your investigator stated in writing Uber would be willing to cover. I also advised you that Shawn Graft, the sole owner and operator of Express Digital Services is traveling internationally and unavailable to gather additional information until after January 6. Against that backdrop, I do not agree that we are causing improper delay by declining to participate in an MDL procedure that does not apply to a nonparty who has not consented to transfer.

To be clear, Express Digital Services has already produced all responsive data maintained in its systems. The Company does not store first or last names, does not maintain additional identifying information beyond the fields already produced, and does not have any mechanism to identify which of the 30,000 transactions provided—if any—are connected to receipts submitted to Uber by plaintiffs. On the other hand, Uber has a database of plaintiffs and receipt information against which it verified that none of the transactions provided by my client produced hits.

As such, Uber has provided no evidence to identify that any of the transactions provided by my client are linked to submitted receipts and therefore relevant to any claim or defense, nor has it offered a basis for demanding expanded data fields that were never included in the subpoena or in the parties' prior

1

discussions. Rule 45 does not require a nonparty to generate new information, reverse engineer third-party processes, or provide sworn declarations.

Stripe is a web-based service that serves solely the payment processor for our client's services. When a user creates a paid account to generate a receipt, they enter an email address and password, then click Pay. Payment information is submitted through a payment service like Google Pay directly into Stripe's system to manage the payment details. Express Digital Services does not receive or retain the user's first or last name, billing address, or any personally identifiable information beyond the email address voluntarily entered by the user. The only customer-specific data our client maintains is the email address. That is by design and the purpose of a payment processor.

Further, any user that creates a receipt using a free account does not create ant account, and thus, there would be no Stripe ID. The only receipt that Uber has shown me as counsel (visually on Zoom, but precluded me from providing to my client) would have been from a free account, if it came from my client's services at all. Thus, there would not even be an email tied to the transaction or a Stripe ID created for it.

Stripe transaction IDs alone cannot identify any user, cannot link a transaction to any plaintiff, and cannot assist Uber in determining who generated or submitted any receipt. They therefore have no relevance to Uber's stated purpose, and producing them would impose burden without yielding any additional identifying information.

If Uber believes a motion is necessary, Rule 45 requires that it be filed in the District of Colorado.

To confirm:

- Express Digital Services does not consent to have this dispute adjudicated in the MDL under Rule 45(f).
- We will not be providing a PTO 8 joint letter or proceeding under MDL party procedures.
- Any motion to compel or for other relief must be filed in the District of Colorado, and we will respond there and assert all protections available under Rule 45, including with respect to scope and costs.

The subpoena at issue is directed to Express Digital Services LLC, not to Mr. Graft individually, and we will address any issues regarding that subpoena in the District of Colorado if and when Uber files a motion there. Continuing to debate jurisdiction and consent by email is not productive, so we will await proper notice and service of any motion in the District of Colorado.

Have a great night,

Kelly

**Kelly Twigger**
ESI Attorneys LLC



(720) 370-0435 | (720) 485-9695
ktwigger@esiattorneys.com
www.esiattorneys.com

18

2945 Juilliard Street, Boulder, CO 80305



  

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Dec 8, 2025, at 2:19 PM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:

Kelly,

Thank you for your email.

Your effort to delay resolution of these longstanding issues is improper. We have already met and conferred multiple times, and your client has refused to provide the basic information we have requested. We have already reached an impasse on these issues and will be seeking judicial intervention, as we told you nearly two weeks ago on November 26. If your clients are now willing to provide the requested information, outlined in the draft joint letter brief we provided last Tuesday, December 2, that will resolve this particular dispute. Absent that, we will be seeking judicial intervention. We do not agree to any further delay in resolving these issues, as you have already created unnecessary delay, including due to your changing position on adjudicating this dispute in the MDL Court.

You repeatedly and consistently represented, both in writing and orally during our conferrals, that your clients consent to having Judge Cisneros resolve this dispute.  For example:

- On November 21, you stated in writing, "**If Uber wants to proceed before Judge Cisneros, we are happy to do that . . . .**" Nov. 21 Email from Kelly Twigger (7:24 a.m. PT) (emphasis added); *see also, e.g.*, *id.* ("If instead you prefer to present the matter to Judge Cisneros, any hearing will need to be set after the Thanksgiving holiday at this point."); Nov. 21 Email from Kelly Twigger (3:51 p.m. PT) ("We will plan to seek those costs in front of Judge Cisneros if we cannot come to an agreement.");

- On December 1 you stated in writing, "That's a very simple relevance/proportionality argument that we can have with Judge Cisneros as needed."; *id.* ("We will seek to pursue my client's expenses directly with Judge Cisneros."). Email from Kelly Twigger (12:21 p.m. PT).

You know that it is not appropriate to tell Uber that your clients are willing to proceed before Judge Cisneros, have Uber prepare a joint PTO 8 letter pursuant to your representations and Judge Cisneros's procedures, and then, on the day that the filing is due to be filed in the MDL Court, suddenly change your position completely.

Based on your representations that your clients were happy to proceed before Judge Cisneros, Uber informed you, on November 26, that "Uber will exercise its rights under Pre Trial Order No 8 in the MDL . . . ." Nov. 26 Email from Michael Shortnacy (6:34 p.m. PT). While you responded to that email, you did not say anything about jurisdiction, let alone that your clients were

3

revoking their prior consent to proceed before Judge Cisneros. Uber therefore prepared its portion of a PTO 8 joint letter brief, which Uber provided to you on December 2. That December 2 draft plainly stated – consistent with your representations – that the joint letter was being submitted to Judge Cisneros "with the third-parties' consent to submit this subpoena-related dispute to this Court." Again, while you responded to that email, you did not say anything about jurisdiction, let alone that your clients were revoking their prior consent to proceed before Judge Cisneros. Rather, on December 3, you requested copies of the publicly available MDL filings cited in Uber's position, and Uber promptly provided you with copies of those filings the same day. Your clients' portion of the joint letter brief was due to Uber on December 5. But you did not provide it. On December 5, Uber emailed you, requesting that you provide your client's position. You did not respond. Uber emailed you again on December 6, asking when you would be sending your clients' portion of the joint letter brief. You did not respond. Uber then emailed you a third time on December 7, requesting that you provide your clients' portion of the joint letter brief. You did not respond. Instead, you waited until today, December 8 – the day the PTO 8 letter is due to be filed with the MDL Court – to inform Uber that, contrary to your multiple prior representations, your clients are no longer consenting to proceed before Judge Cisneros.

These actions obviously created unnecessary delay in resolving this dispute and created unnecessary expense for Uber.

Judge Cisneros is deeply familiar with the issues in this litigation, has expressed a willingness to resolve disputes involving non-party subpoenas, has in fact resolved disputes involving other non-party subpoenas, and is better positioned to do so (compared with a Court with not background on these issues) based on her years of experience with the MDL. We are also confident that any motion to compel compliance with the subpoenas will be transferred to the MDL Court in the end – thus, this prejudicial, last-minute shuffle in your position is only driving additional costs for your clients. To state the obvious, the costs and expenses being generated by you and your clients' inconsistent positions, forcing procedural hurdles that will no doubt only delay resolution of the dispute (and will almost certainly land in front of Judge Cisneros in any event) are not compensable under Rule 45. You and your clients' actions are generating needless costs, when the less expensive and more efficient option of proceeding directly in the MDL (as you previously agreed), remains available.

Further, to the extent your clients are unwilling to confirm their prior consent to having Judge Cisneros resolve this dispute (despite your previous representations), Uber will consider next steps with respect to seeking its costs for now seeking relief in the District of Colorado from Mr. Graft and Express Digital Services, LLC. Uber's costs in this regard are only increasing because of your lack of candor and changing positions.

Michael


**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com



20

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Monday, December 8, 2025 7:57 AM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

**EXTERNAL**

Jay,

Express Digital Services has not consented to transfer under Rule 45(f). As a Colorado non-party, my client is subject to the jurisdiction of the District of Colorado for all subpoena-related matters. Any suggestion that we have consented to MDL jurisdiction is incorrect. Consent under Rule 45(f) must be explicit, and we do not provide such consent.

Because we do not consent to transfer, the MDL pretrial orders—including PTO 8's joint letter deadlines—do not apply to my client.
Your attempts to impose those deadlines on a non-party have no basis under Rule 45. I will not be preparing a draft joint letter in accordance with PTO 8.

As previously communicated, our client is traveling internationally and is unavailable to provide additional information until after January 6. We will meet and confer regarding the scope and burden of any remaining issues after that date.

We have repeatedly notified Uber of the burden and expense associated with these requests and our intent to seek cost-shifting under Rule 45(d)(2)(B)(ii). That position remains unchanged.

We remain willing to confer in good faith, but we will do so under the procedures required by Rule 45 in the District of Colorado—not under MDL party procedures.

Please direct all further subpoena-related communications with the understanding that the District of Colorado is the proper compliance forum unless and until our client expressly consents otherwise.

Kelly

**Kelly Twigger**
ESI Attorneys LLC

(720) 370-0435 | (720) 485-9695
ktwigger@esiattorneys.com
www.esiattorneys.com
2945 Juilliard Street, Boulder, CO 80305



  

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Dec 7, 2025, at 2:56 PM, Haider, Jay B. (SHB) <jhaider@shb.com> wrote:

Kelly,  we have still not received your client's portion of the PTO 8 joint letter, which was due to be returned to us on Friday.

This is our third reminder.

Please provide us with your portion of the letter as soon as possible.

Thank you,

Jay


Get Outlook for iOS

---

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Saturday, December 6, 2025 9:09:27 AM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Hi Kelly,

Your client's portion of the PTO 8 letter brief was due yesterday. When will you be sending it to us?

Thanks,
Jay

Get Outlook for iOS

---

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Friday, December 5, 2025 7:31:58 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Hi, Kelly. Please provide your client's portion of the PTO 8 letter.

6

Thanks,
Jay

Get Outlook for iOS

---

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Wednesday, December 3, 2025 12:26:57 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB)
<JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Kelly, as a courtesy please find attached ECF nos. 2647, 3604, 3876, 3972,
and 4440.

Thanks,

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.


| jhaider@shb.com



---

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Wednesday, December 3, 2025 12:02 PM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB)
<JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO
8


**EXTERNAL**

Thanks, Jay. Your materials also mention several other documents that you
presumably referenced in drafting, all from the docket, many of which you had not
advised me of before this email. Please forward those as well. It is unreasonable to
suggest that my client incur that expense to find information you are relying on from a
case in which it is not a party.

Kelly

>       On Dec 3, 2025, at 10:57 AM, Haider, Jay B. (SHB)
>       <jhaider@shb.com> wrote:
>
>       Hi Kelly,

7

23

PTO 8 is on the docket at ECF 323. Please find attached a courtesy copy.

Thanks,

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| jhaider@shb.com

<Outlook-sd5s0bta.png>

---

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Wednesday, December 3, 2025 10:39 AM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

**EXTERNAL**
Jay, please forward PTO 8 for my review. I do not see it in your attachments.

> On Dec 2, 2025, at 5:24 PM, Haider, Jay B. (SHB) <jhaider@shb.com> wrote:
>
> Hi Kelly,
>
> As previewed in Michael's Nov. 26 email, please find attached Uber's portion of a letter brief pursuant to Pretrial Order No. 8 (ECF 323) and the accompanying declaration. We reserve the right to make further edits.
>
> Pursuant to PTO 8, your clients' portion and any supporting materials you wish to provide are due to Uber on **Friday, December 5**. On **Monday, December 8,** we will exchange revised draft portions with any additional changes, and Uber will assemble and file the joint letter brief along with Uber's supporting declaration and materials, and any support you wish to provide on the same day.
>
> Thank you.

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| jhaider@shb.com

<Outlook-kgznk4ej.png>
CONFIDENTIALITY NOTICE: This e-mail message
including attachments, if any, is intended for the
person or entity to which it is addressed and may
contain confidential and/or privileged material. Any
unauthorized review, use, disclosure or distribution is
prohibited. If you are not the intended recipient,
please contact the sender by reply e-mail and destroy
all copies of the original message. Thank
you.<Shortnacy dec ISO Letter Brief re Expr Digi Svcs
and S Graft Subpoenas.docx><MDL_ Joint Discovery
Letter re Makereceipt (uber section).docx>

<2024.03.01 PTO 8 (ECF 323) N.D. Cal. 23-md-03084.pdf>