# EXHIBIT C

1/20/26, 5:56 PM    Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 - Haider, Jay B. (SHB) - Outlook

Case MDL No. 3084    Document 185-4    Filed 01/26/26    Page 2 of 12

   **Outlook**

### Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

| | |
|---|---|
| **From** | Kelly Twigger <ktwigger@esiattorneys.com> |
| **Date** | Tue 2025-12-23 12:45 |
| **To** | Haider, Jay B. (SHB) <jhaider@shb.com> |
| **Cc** | Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com> |

**EXTERNAL**

Hi Jay,

I'm responding to your emails and voicemail regarding the subpoena to Express Digital Services on this thread.

I am not authorized to accept service on behalf of my client at this time, and no electronic or substitute service is authorized. Any formal service must be completed in accordance with Rule 45. My client remains abroad and unavailable per our previous correspondence until January 6th. I will be out of office from December 24 through January 2 and will respond when I am able to speak with my client following his return.

I will follow up when I've had time to talk with my client.

Thanks and Happy Holidays —

Kelly

---

**Kelly Twigger**
ESI Attorneys LLC

(720) 370-0435 | (720) 485-9695
ktwigger@esiattorneys.com
www.esiattorneys.com
2945 Juilliard Street, Boulder, CO 80305

---



This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

1/20/26, 5:56 PM                    Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 - Haider, Jay B. (SHB) - Outlook

Case MDL No. 3084    Document 185-4    Filed 01/26/26    Page 3 of 12

On Dec 22, 2025, at 5:54 PM, Haider, Jay B. (SHB) <jhaider@shb.com> wrote:

Hi Kelly,

As directed by your out of office message, shortly after 3:45 p.m. MT today, I left a voicemail at the 720.370.0435 number listed in your signature. As I said on that voicemail, I am sorry to hear about your power and communications situation and hope it resolves soon. Please respond to this email, or call me on the phone number I called from (or, at 312.704.7739) as soon as you are able.

Thanks,

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| [jhaider@shb.com](mailto:jhaider@shb.com)

<Outlook-yas5dwmx.png>

---

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Monday, December 22, 2025 4:38 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Cc:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Hi Kelly,

Uber has initiated proceedings in the United States District Court for the District of Colorado to transfer resolution of the subpoena dispute to the MDL court or to enforce Uber's subpoenas to Express Digital Services and Mr. Shawn Graft. These proceedings were filed as Case No. 1:25-mc-00121-NYW. The docket entries are available to download at the following link:

https://kiteworks.shb.com/w/f-ee8c7040-659d-4605-ac13-ab5027bbc4b5

To promote efficiency and lower the costs for all parties, and as a professional courtesy, we ask that you accept service on behalf of your clients by email as contemplated by Rule 5(b)(2)(E) and per your statement that you were awaiting proper notice and service of any motion in the District of Colorado, which we are now providing. Would you please respond with your confirmation that you agree to accept service via this email?

Thanks,

1/20/26, 5:56 PM                                 Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 - Haider, Jay B. (SHB) - Outlook

Case MDL No. 3084   Document 185-4   Filed 01/26/26   Page 4 of 12

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| jhaider@shb.com

<Outlook-qwy22gov.png>

---

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Monday, December 8, 2025 10:53 PM
**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Cc:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

**EXTERNAL**

Michael,

I want to be very clear about our client's position.

Rule 45(f) requires express consent from the nonparty before a subpoena dispute can be transferred to the issuing court. Our client has not provided such consent. References in prior correspondence to Judge Cisneros or to the possibility of presenting issues in the MDL were part of discussions about potential avenues for resolution, not an express, irrevocable consent to MDL jurisdiction under Rule 45(f).

If Uber had authority suggesting that informal discussion or references to a judge's name constitute consent under Rule 45(f), I would expect you to cite it. To my knowledge, there is no such precedent; the rule and case law require explicit consent from the person subject to the subpoena, and protect nonparties from precisely this kind of implied-consent argument.

As a Colorado nonparty, Express Digital Services' district of compliance is the District of Colorado, and that court is the proper forum for any subpoena-related motion. MDL pretrial orders, including PTO 8 and its joint letter deadlines, do not apply to our client absent explicit consent, which has not been given.

We have met and conferred with Uber multiple times, produced information, and repeatedly advised you of the burden and expense involved, as well as our intent to seek cost-shifting under Rule 45(d)(2)(B)(ii), which both you and your investigator stated in writing Uber would be willing to cover. I also advised you that Shawn Graft, the sole owner and operator of Express Digital Services is traveling internationally and unavailable to gather additional information until after January 6. Against that backdrop, I do not agree that we are causing improper delay by declining to participate in an MDL procedure that does not apply to a nonparty who has not consented to transfer.

To be clear, Express Digital Services has already produced all responsive data maintained in its systems. The Company does not store first or last names, does not maintain additional identifying information beyond the fields already produced, and does not have any mechanism to identify which of the 30,000 transactions provided—if any—are connected to receipts submitted to Uber by plaintiffs. On the other hand, Uber has a database of plaintiffs and receipt information against which it verified that <u>none</u> of the transactions provided by my client produced hits.

As such, Uber has provided no evidence to identify that any of the transactions provided by my client are linked to submitted receipts and therefore relevant to any claim or defense, nor has it offered a basis for demanding expanded data fields that were never included in the subpoena or

in the parties' prior discussions. Rule 45 does not require a nonparty to generate new information, reverse engineer third-party processes, or provide sworn declarations.

Stripe is a web-based service that serves solely the payment processor for our client's services. When a user creates a paid account to generate a receipt, they enter an email address and password, then click Pay. Payment information is submitted through a payment service like Google Pay directly into Stripe's system to manage the payment details. Express Digital Services does not receive or retain the user's first or last name, billing address, or any personally identifiable information beyond the email address voluntarily entered by the user. The only customer-specific data our client maintains is the email address. That is by design and the purpose of a payment processor.

Further, any user that creates a receipt using a free account does not create ant account, and thus, there would be no Stripe ID. The only receipt that Uber has shown me as counsel (visually on Zoom, but precluded me from providing to my client) would have been from a free account, if it came from my client's services at all. Thus, there would not even be an email tied to the transaction or a Stripe ID created for it.

Stripe transaction IDs alone cannot identify any user, cannot link a transaction to any plaintiff, and cannot assist Uber in determining who generated or submitted any receipt. They therefore have no relevance to Uber's stated purpose, and producing them would impose burden without yielding any additional identifying information.

If Uber believes a motion is necessary, Rule 45 requires that it be filed in the District of Colorado.

To confirm:

- Express Digital Services does not consent to have this dispute adjudicated in the MDL under Rule 45(f).
- We will not be providing a PTO 8 joint letter or proceeding under MDL party procedures.
- Any motion to compel or for other relief must be filed in the District of Colorado, and we will respond there and assert all protections available under Rule 45, including with respect to scope and costs.

The subpoena at issue is directed to Express Digital Services LLC, not to Mr. Graft individually, and we will address any issues regarding that subpoena in the District of Colorado if and when Uber files a motion there. Continuing to debate jurisdiction and consent by email is not productive, so we will await proper notice and service of any motion in the District of Colorado.

Have a great night,

Kelly

**Kelly Twigger**
ESI Attorneys LLC

mobile Phone  (720) 370-0435 | (720) 485-9695



ktwigger@esiattorneys.com

www.esiattorneys.com

2945 Juilliard Street, Boulder, CO 80305



This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Dec 8, 2025, at 2:19 PM, Shortnacy, Michael (SHB) <mshortnacy@shb.com> wrote:

Kelly,

Thank you for your email.

Your effort to delay resolution of these longstanding issues is improper. We have already met and conferred multiple times, and your client has refused to provide the basic information we have requested. We have already reached an impasse on these issues and will be seeking judicial intervention, as we told you nearly two weeks ago on November 26. If your clients are now willing to provide the requested information, outlined in the draft joint letter brief we provided last Tuesday, December 2, that will resolve this particular dispute. Absent that, we will be seeking judicial intervention. We do not agree to any further delay in resolving these issues, as you have already created unnecessary delay, including due to your changing position on adjudicating this dispute in the MDL Court.

1/20/26, 5:56 PM   Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 - Hauge, Jay O. (SLB) - Outlook

Case MDL No. 3084   Document 185-4   Filed 01/26/26   Page 7 of 12

You repeatedly and consistently represented, both in writing and orally during our conferrals, that your clients consent to having Judge Cisneros resolve this dispute.  For example:

- On November 21, you stated in writing, "**If Uber wants to proceed before Judge Cisneros, we are happy to do that . . . .**" Nov. 21 Email from Kelly Twigger (7:24 a.m. PT) (emphasis added); *see also, e.g.*, *id.* ("If instead you prefer to present the matter to Judge Cisneros, any hearing will need to be set after the Thanksgiving holiday at this point."); Nov. 21 Email from Kelly Twigger (3:51 p.m. PT) ("We will plan to seek those costs in front of Judge Cisneros if we cannot come to an agreement.");

- On December 1 you stated in writing, "That's a very simple relevance/proportionality argument that we can have with Judge Cisneros as needed."; *id.* ("We will seek to pursue my client's expenses directly with Judge Cisneros."). Email from Kelly Twigger (12:21 p.m. PT).

You know that it is not appropriate to tell Uber that your clients are willing to proceed before Judge Cisneros, have Uber prepare a joint PTO 8 letter pursuant to your representations and Judge Cisneros's procedures, and then, on the day that the filing is due to be filed in the MDL Court, suddenly change your position completely.

Based on your representations that your clients were happy to proceed before Judge Cisneros, Uber informed you, on November 26, that "Uber will exercise its rights under Pre Trial Order No 8 in the MDL . . . ." Nov. 26 Email from Michael Shortnacy (6:34 p.m. PT). While you responded to that email, you did not say anything about jurisdiction, let alone that your clients were revoking their prior consent to proceed before Judge Cisneros. Uber therefore prepared its portion of a PTO 8 joint letter brief, which Uber provided to you on December 2. That December 2 draft plainly stated – consistent with your representations – that the joint letter was being submitted to Judge Cisneros "with the third-parties' consent to submit this subpoena-related dispute to this Court."  Again, while you responded to that email, you did not say anything about jurisdiction, let alone that your clients were revoking their prior consent to proceed before Judge Cisneros.   Rather, on December 3, you requested copies of the publicly available MDL filings cited in Uber's position, and Uber promptly provided you with copies of those filings the same day.  Your clients' portion of the joint letter brief was due to Uber on December 5. But you did not provide it. On December 5, Uber emailed you, requesting that you provide your client's position. You did not respond. Uber emailed you again on December 6, asking when you would be sending your clients' portion of the joint letter brief. You did not respond. Uber then emailed you a third time on December 7, requesting that you provide your clients' portion of the joint letter brief. You did not respond. Instead, you waited until today, December 8 – the day the PTO 8 letter is due to be filed with the MDL Court – to inform Uber that, contrary to your multiple prior representations, your clients are no longer consenting to proceed before Judge Cisneros.

These actions obviously created unnecessary delay in resolving this dispute and created unnecessary expense for Uber.

1/20/26, 5:56 PM                 Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 - Haider, Jay B. (SHB) - Outlook

Case MDL No. 3084    Document 185-4    Filed 01/26/26    Page 8 of 12

Judge Cisneros is deeply familiar with the issues in this litigation, has expressed a willingness to resolve disputes involving non-party subpoenas, has in fact resolved disputes involving other non-party subpoenas, and is better positioned to do so (compared with a Court with not background on these issues) based on her years of experience with the MDL. We are also confident that any motion to compel compliance with the subpoenas will be transferred to the MDL Court in the end – thus, this prejudicial, last-minute shuffle in your position is only driving additional costs for your clients. To state the obvious, the costs and expenses being generated by you and your clients' inconsistent positions, forcing procedural hurdles that will no doubt only delay resolution of the dispute (and will almost certainly land in front of Judge Cisneros in any event) are not compensable under Rule 45.  You and your clients' actions are generating needless costs, when the less expensive and more efficient option of proceeding directly in the MDL (as you previously agreed), remains available.

Further, to the extent your clients are unwilling to confirm their prior consent to having Judge Cisneros resolve this dispute (despite your previous representations), Uber will consider next steps with respect to seeking its costs for now seeking relief in the District of Colorado from Mr. Graft and Express Digital Services, LLC. Uber's costs in this regard are only increasing because of your lack of candor and changing positions.

Michael


**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.

424-324-3494 | mshortnacy@shb.com


<image001.jpeg>

---

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Monday, December 8, 2025 7:57 AM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8


**EXTERNAL**

Jay,

Express Digital Services has not consented to transfer under Rule 45(f). As a Colorado non-party, my client is subject to the jurisdiction of the District of Colorado for all subpoena-related matters. Any suggestion that we have consented to MDL jurisdiction is incorrect. Consent under Rule 45(f) must be explicit, and we do not provide such consent.

Because we do not consent to transfer, the MDL pretrial orders—including PTO 8's joint letter deadlines—do not apply to my client.

Your attempts to impose those deadlines on a non-party have no basis under Rule 45. I will not be preparing a draft joint letter in accordance with PTO 8.

As previously communicated, our client is traveling internationally and is unavailable to provide additional information until after January 6. We will meet and confer regarding the scope and burden of any remaining issues after that date.

We have repeatedly notified Uber of the burden and expense associated with these requests and our intent to seek cost-shifting under Rule 45(d)(2)(B)(ii). That position remains unchanged.

We remain willing to confer in good faith, but we will do so under the procedures required by Rule 45 in the District of Colorado—not under MDL party procedures.

Please direct all further subpoena-related communications with the understanding that the District of Colorado is the proper compliance forum unless and until our client expressly consents otherwise.

Kelly

| | |
|---|---|
| <image003.png> **Kelly Twigger** ESI Attorneys LLC | (720) 370-0435 \| (720) 485-9695 <image004.png> ktwigger@esiattorneys.com <image005.png> www.esiattorneys.com <image007.png> 2945 Juilliard Street, Boulder, CO 80305 |

<image009.jpeg>                <image011.png><image013.png><image015.png>

This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

> On Dec 7, 2025, at 2:56 PM, Haider, Jay B. (SHB) <jhaider@shb.com> wrote:
>
> Kelly, we have still not received your client's portion of the PTO 8 joint letter, which was due to be returned to us on Friday.
>
> This is our third reminder.
>
> Please provide us with your portion of the letter as soon as possible.
>
> Thank you,
>
> Jay

Get Outlook for iOS

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Saturday, December 6, 2025 9:09:27 AM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Hi Kelly,

Your client's portion of the PTO 8 letter brief was due yesterday. When will you be sending it to us?

Thanks,
Jay

Get Outlook for iOS

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Friday, December 5, 2025 7:31:58 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Hi, Kelly. Please provide your client's portion of the PTO 8 letter.

Thanks,
Jay

Get Outlook for iOS

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Wednesday, December 3, 2025 12:26:57 PM
**To:** Kelly Twigger <ktwigger@esiattorneys.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

Kelly, as a courtesy please find attached ECF nos. 2647, 3604, 3876, 3972, and 4440.

Thanks,

**Jay B. Haider**
*Senior Counsel*
**Shook, Hardy & Bacon L.L.P.**

| jhaider@shb.com

1/20/26, 5:56 PM    Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8 - Haider, Jay B. (SHB) - Outlook

Case MDL No. 3084    Document 185-4    Filed 01/26/26    Page 11 of 12

**From:** Kelly Twigger <ktwigger@esiattorneys.com>
**Sent:** Wednesday, December 3, 2025 12:02 PM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8

**EXTERNAL**

Thanks, Jay. Your materials also mention several other documents that you presumably referenced in drafting, all from the docket, many of which you had not advised me of before this email. Please forward those as well. It is unreasonable to suggest that my client incur that expense to find information you are relying on from a case in which it is not a party.

Kelly

> On Dec 3, 2025, at 10:57 AM, Haider, Jay B. (SHB) <jhaider@shb.com> wrote:
>
> Hi Kelly,
>
> PTO 8 is on the docket at ECF 323. Please find attached a courtesy copy.
>
> Thanks,
>
> **Jay B. Haider**
> *Senior Counsel*
> Shook, Hardy & Bacon L.L.P.
>
> | jhaider@shb.com
>
> <Outlook-sd5s0bta.png>
>
> **From:** Kelly Twigger <ktwigger@esiattorneys.com>
> **Sent:** Wednesday, December 3, 2025 10:39 AM
> **To:** Haider, Jay B. (SHB) <jhaider@shb.com>
> **Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
> **Subject:** Re: Uber MDL - Express Digital Services Subpoena - letter brief per PTO 8
>
> **EXTERNAL**
> Jay, please forward PTO 8 for my review. I do not see it in your attachments.
>
>> On Dec 2, 2025, at 5:24 PM, Haider, Jay B. (SHB) <jhaider@shb.com> wrote:

Hi Kelly,

As previewed in Michael's Nov. 26 email, please find attached Uber's portion of a letter brief pursuant to Pretrial Order No. 8 (ECF 323) and the accompanying declaration. We reserve the right to make further edits.

Pursuant to PTO 8, your clients' portion and any supporting materials you wish to provide are due to Uber on **Friday, December 5**. On **Monday, December 8,** we will exchange revised draft portions with any additional changes, and Uber will assemble and file the joint letter brief along with Uber's supporting declaration and materials, and any support you wish to provide on the same day.

Thank you.


**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| [jhaider@shb.com](mailto:jhaider@shb.com)

<Outlook-kgznk4ej.png>
CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.<Shortnacy dec ISO Letter Brief re Expr Digi Svcs and S Graft Subpoenas.docx><MDL_ Joint Discovery Letter re Makereceipt (uber section).docx>

<2024.03.01 PTO 8 (ECF 323) N.D. Cal. 23-md-03084.pdf>


<Mail Attachment.eml>